UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| DANIEL  MCNEIL, JR., | ) | C/A No.: 4:15-cv-1105-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN, EVANS CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Daniel McNeil, Jr., (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 10, 2015. (Doc. #1). Respondent filed a motion for summary judgment on May 22, 2015, along with a return and memorandum. (Docs. #15 and #16). The undersigned issued an order filed May 26, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #18). Petitioner filed a response in opposition on July 23, 2015. (Doc. #24).

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Evans Correctional Institution. The Darlington County Grand Jury indicted Petitioner during the March 2007 term for one count of Assault and Battery of a High and Aggravated Nature (2007-GS-16-592) and one count of First Degree Burglary. Petitioner was represented by Tonya Copeland-Little, Assistant Public Defender. Appearing on behalf of the State was Assistant Solicitor Patti McKenzie of the Fourth Judicial Circuit Solicitor's Office.  A jury trial was held on January 23, 2008, before the Honorable John M. Milling, South Carolina Circuit Court Judge, on both charges. Petitioner was convicted by the jury of both charges. Judge Milling sentenced Petitioner to fifteen years confinement for the first degree burglary conviction and eight years confinement for the assault and battery of a high and aggravated nature, to be served concurrently. (Tr. 225-226).

### **Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner on or before February 1, 2008. On appeal, Petitioner was represented by M.Celia Robinson,

Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the Final Brief, Petitioner raised two arguments. First, he argued the trial judge erred in overruling the defense objections to any and all testimony as to the history and incidents which provoked Petitioner's girlfriend to obtain a restraining order against him. Second, he asserted the trial judge erred in denying the requested directed verdict of acquittal on the charges of burglary and ABHAN and the new trial requested by defense counsel. The State filed a Final Brief of Respondent.

The South Carolina Court of Appeals affirmed Petitioner's convictions in an unpublished opinion filed June 23, 2010. The Remittitur was issued on July 9, 2010.

## PCR

Petitioner filed his application for post-conviction relief (PCR) on September 7, 2010, arguing that trial counsel was ineffective for failing to conduct a pretrial investigation, because counsel never tried to contact witnesses or move for forensic evidence to be produced, and because counsel refused to make objections to the state submitting inadmissible and irrelevant evidence and testimony. He also argued that the trial court abused its discretion in denying the request for a directed verdict and in allowing evidence and testimony that should have been ruled irrelevant and

inadmissible.  The State served its return on January 28, 2011.

An evidentiary hearing took place on January 10, 2012, before the Honorable J. Michael Baxley, South Carolina Circuit Court Judge. Petitioner and his trial counsel testified during the hearing. (Attachment 1, p. 242-300). At the hearing, Petitioner withdrew his arguments pertaining to trial court error and proceeded upon the issues related to ineffective assistance of trial counsel. (Tr. 246, 302).  Judge J. Michael Baxley filed his order of dismissal on March 6, 2012, denying and dismissing the PCR application with prejudice.


## PCR APPEAL

Petitioner filed an appeal from the dismissal of his PCR appeal and was represented by David Alexander of the South Carolina Commission on Indigent Defense, Division of Appellate Defense.  A petition for writ of certiorari was filed on Petitioner's behalf raising the allegations of ineffective trial counsel in derogation of Petitioner's Sixth Amendment rights when she voiced no objection to evidence which she knew to be inadmissible because she thought the client's wishes controlled her decision. The State filed a Return.

Petitioner's PCR action concluded upon the Supreme Court of South Carolina's denying the petition for writ of certiorari on December 4, 2014, and issuing

its remittitur on December 22, 2014. (Attachments 10 and 11).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:          Trial Court Error

Supporting facts:     (1) Did the trial judge err in overruling the defense objections to any and all testimony as to the history and incidents which provoked petitioner's girlfriend's to obtain a restraining order against him?(2) Did the trial judge err in denying the requested directed verdict of acquittal where the state failed to present substantial evidence to prove the essential elements of the crime charged?

GROUND TWO:          Ineffective assistance of counsel; abuse of discretion by the court

Supporting Facts:     (1) Counsel failed to conduct pretrial investigation; counsel never tried to contact witnesses or move for forensic evidence to be produced; counsel refused to make objections to the state submitting of inadmissible and irrelevant evidence and testimony (2) The trial judge abused his discretion in denying the defense request for a directed verdict; trial judge erred in allowing in a number of evidence and testimony that should have been ruled irrevelant and inadmissible

GROUND THREE:        Ineffective Assistance of counsel

Supporting Facts:     Wheather trial counsel provided ineffective assistance of counsel in derogation of petitioner's sixth amendment rights when she

5

voiced no objection to evidence which she
knew to be inadmissable because she thought
the client's wishes controlled her decision.

GROUND FOUR:          Actual Innocence

Supporting Facts:          on direct appeal counsel was pointing out
petitioner's innocence by stating facts: officer
Benjamin Weatherford observation when he
arrived, there was a lot of blood all around on
the ground, both were bleeding. Then he
entered the residence, the bed was disaray and
a knife blade with blood on it's tip was lying
on the bed.   James Johnson testified he
grabbed the knife and broke the blade off the
handle, upon doing so it stucked into his hand.
This was inside their residence [there were no
blood anywhere inside of his residence]

(Petition) (errors in original).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court
shall not be granted with respect to any claim that was
adjudicated on the merits in the State court proceedings
unless the adjudication of the claim-
(1) resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal
law, as determined by the Supreme Court of the United

States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any

7

level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Ground One, Claim One

In Ground One, Claim One  of the habeas petition, Petitioner argues trial court error. Specifically, Petitioner argues the trial judge erred in overruling the objections to any and all testimony regarding the history and incidents which "provoked petitioner's girlfriend to obtain a restraining order against him." (Petition). Respondent asserts this issue is not cognizable in federal habeas review as this claim clearly hinges on the interpretation of state evidentiary rules, not federal law.

A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445,

449 n. 1 (4th Cir. 1999). This claim is not cognizable for federal habeas review. Thus, it is recommended that this issue be dismissed and Respondent's motion for summary judgment granted with respect to this Ground One, Claim One.

**Ground One, Claim Two**

In Ground One, Claim Two, Petitioner argues that the trial judge erred in denying the requested directed verdict of acquittal where the state failed to present substantial evidence to prove the essential elements of the crime charged. Respondent argues that this claim is without merit and Petitioner cannot show that the South Carolina Court of Appeals either unreasonably applied federal law or made an unreasonable determination of the facts in denying this claim.

During the trial, Petitioner's trial counsel made a motion for a directed verdict at the close of the State's case which was denied by the trial court stating:

> I will respectfully deny your motion, there is testimony from Ms. Ross, and Mr. Johnson of the Defendant after having been asked to leave, coming inside of the house with a raised knife, and that injuries occurred to Mr. Johnson as he was defending himself from this attack he said was instigated by Mr. Neil. If this is believed by the jury, it would constitute burglary and assault and battery of a high and aggravated nature.

(Tr. 114).

Trial counsel renewed her motion at the conclusion of the testimony which the trial

judge again denied stating there was sufficient evidence in the case and that it should be submitted to the jury as fact finders. (Tr. 178).

This issue was raised on direct appeal and the South Carolina Court of Appeals affirmed the trial court's denial of the motion. The Court of Appeals affirmed the trial court's denial of his motion for a direct verdict pursuant to Rule 220(b)(1), SCACR, and the following authorities:

> As to whether the trial court erred in denying McNeil's directed verdict motion: Rule 19(a), SCRCrimP (noting that when ruling on a motion for a directed verdict, the trial court "shall consider only the existence or non-existence of the evidence and not its weight"); State v. Cherry, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

(Tr. 15-6, p. 2).

Initially, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, supra; Thomas v. Davis, supra. However, to the extent Petitioner is raising this claim as a due process violation, claims of insufficiency of the evidence such that a directed verdict should have been granted are cognizable in habeas actions as claims of a denial of due process. Review in this area is " 'sharply limited.' " Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998) (quoting Wright v. West, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)). The Wilson court

determined that district courts are required to give significant deference to the state court's ruling on motions for directed verdict and similar challenges to the sufficiency of evidence to convict because "[f]ederal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." 155 F.3d at 405–06. This deference requires this court to consider that "a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979).

In this case, Petitioner was on trial for first-degree burglary and ABHAN. The victim and Petitioner's ex-girlfriend testified that Petitioner went to the door of victim's house on December 30, 2006, with a knife and knocked out the screen on the door of victim's house, unlocked the door, and entered the house when Petitioner's ex-girlfriend refused to go outside. (53-58; 68-70). Both the victim and Petitioner's ex-girlfriend testified at the trial that Petitioner proceeded to attack the victim who was standing in front of the ex-girlfriend. (Id.). The victim testified that they began struggling and fell across the bed. Victim testified that he was able to pop the handle out of the knife at which time victim popped him in the jaw before Victim picked him up and through him out of his house. Victim testified that he received injuries when

the blade of the knife stuck through his finger and hit his arm, and that Petitioner busted his gums when he hit him in the mouth. (Tr. 54-58). Therefore, as the PCR court found, there was sufficient evidence to allow the case to go to the jury, and the motion for directed verdict was denied. The South Carolina Court of Appeals determined that the trial judge did not err in denying Petitioner's motion for directed verdict. Petitioner fails to show "no rational trier of fact could have found guilt beyond a reasonable doubt." Wilson, supra. The state court's determination was neither a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Accordingly, it is recommended that Ground One, Claim Two be dismissed.

**Ground Two**

In Ground two, Petitioner asserts a claim of ineffective assistance of counsel; abuse of discretion by the court. In his petition, Petitioner presented the following in support of this claim:

> Supporting Facts:    (1) Counsel failed to conduct pretrial investigation; counsel never tried to contact witnesses or move for forensic evidence to be produced; counsel

13

refused to make objections to the state submitting of inadmissible and irrelevant evidence and testimony (2) The trial judge abused his discretion in denying the defense request for a directed verdict; trial judge erred in allowing a number of evidence and testimony that should have been ruled irrevelant[sic] and inadmissible

Respondent argues that Petitioner raised three issues in Ground Two, Claim One. Respondent argues that the first two of these three issues are procedurally barred.[2]

In Ground Two, Petitioner alleges under Claim One that Counsel never tried to conduct pretrial investigations and counsel never tried to contact witnesses or move for forensic evidence to be produced. While these two claims were raised at PCR and appear to be ruled on by the PCR court, they were not raised in the petition for writ of certiorari. Therefore, these two issues under Ground Two are procedurally barred. See Coleman v. Thompson, 501 U.S. 722, (1991)(stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Petitioner has

---

[2] As to the portion of ground Two, Claim One that counsel refused to make objections to the state submitting inadmissible and irrelevant evidence and testimony, this is the same issue raised in Petitioner's Ground three. Therefore, this issue will be addressed under Ground Three.

not demonstrated cause and prejudice to overcome his procedural default.

To the extent Petitioner attempts to assert ineffective assistance of appellate PCR counsel as cause to overcome the default in these two issues, it fails. Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under Martinez exception); Cross v. Stevenson, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)("Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal established cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.'") quoting Martinez, 132 S.Ct. at 1320. Accordingly, it is recommended that these two issues under Ground Two, claim One, be dismissed as procedurally barred.

**Ground Two, Claim Two**

In Ground Two, Claim Two, Petitioner argues that the trial judge abused his discretion in denying the defense's request for a directed verdict and erred in allowing

15

evidence and testimony that should have been ruled irrelevant and inadmissable. The first part of this issue was addressed in Ground One, Claim Two above where it was recommended that it be dismissed. The second issue raised in this claim is not cognizable for habeas review as it pertains to the state evidentiary rules. The court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir.1998). Further, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, supra; Thomas v. Davis, supra. Accordingly, it is recommended that issue designated as Ground Two, Claim Two be dismissed.

**Ground Three**

In Ground Three, Petitioner argues that trial counsel was ineffective in failing to object to the presentation of evidence that she knew was inadmissible. Specifically, Petitioner argues that counsel should have objected to the introduction of the restraining order against Petitioner by his ex-girlfriend. Respondent argues this issue is without merit and the state court's decision did not unreasonably apply federal law in denying the claim.

When presented with an application for habeas relief, the first inquiry by the

16

court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under

17

prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985)

(quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the

second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different. A
> reasonable probability is a probability sufficient to
> undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must
> judge the reasonableness of counsel's challenged conduct
> on the facts of the particular case, viewed as of the time of
> counsel's conduct . . . the court must then determine
> whether, in light of all the circumstances, the identified acts
> or omissions were outside the wide range of professionally
> competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

Strickland analysis).

The PCR court held the following with respect to this issue:

> This Court finds Applicant's testimony is not credible,
> while also finding trial counsel's testimony is credible. This
> Court further finds that trial counsel adequately conferred
> with Applicant; conducted a proper investigation, and was
> thoroughly competent in her representation.

This Court finds Applicant failed to meet his burden of proving trial counsel erred in not objecting to testimony about the restraining order. Trial counsel testified that, in her discussions with Applicant, he was very clear about wanting information about the restraining order to come into evidence. This Court finds trial counsel discussed the risks and advantages of this strategy with Applicant prior to trial and made a strategic decision not to object to testimony about the restraining order in order to present testimony from Applicant's employer about his ex-girlfriends's repeated attempts to contact him after issuance of the order. . . . This Court notes that, while Applicant intended to use the retraining order as both a shield and a sword against the two victims, instead the restraining order was used against him. This Court finds trial counsel advised him of this possibility. Regardless of the admission of the restraining order, overwhelming evidence of Applicant's guilt was presented at trial. Both Applicant's ex-girlfriend and her new boyfriend testified Applicant had a knife in his possession when he pushed his way into their residence and fought with the new boyfriend. Applicant testified he had a knife when he went to the victim's residence. Police testified there was damage to the screen door of the residence and the knife was found on a bed inside the residence. As such, this Court finds testimony about the restraining order did not affect the outcome of Applicant's trial. See Franklin v. Catoe, 340 S.C. 363, 570 n.3, 552 S.E.2d 718, 722 n. 3(2001) (finding overwhelming evidence of guilt negated any claim that counsel's deficient performance could have reasonably affected the result of defendant's trial). . .

(Tr. 305-306).

At the PCR hearing, trial counsel testified that she was appointed through the Fourth Circuit Public Defenders' Office to represent Petitioner, and when she was

assigned the case, the discovery motion had already been filed by the public defender. (Tr. 272). However, counsel testified that she reviewed the discovery materials with Petitioner, she met with Petitioner five times, and their investigator met with him three times. (Id.). Counsel testified that a plea offer was made for "four years for assault and battery of a high and aggravated nature, which would have almost been time served" and the burglary charges were going to be dropped. (Tr. 273). Counsel testified that he refused to accept the plea offer against her advice stating he wanted to go to trial. (Tr. 273-274). Counsel testified that she and Petitioner talked about the restraining order his ex-girlfriend had obtained on him, and the impact it could have at trial resulting in possible damage to his case, but Petitioner informed counsel that he wanted it to come in thinking it would discredit her and be helpful to him because his ex-girlfriend continued to go see and call him. (Tr. 274, 286). Counsel testified that she thought the restraining order was inadmissable evidence and did not think the State would be able to get it in if she objected since the ex-girlfriend, Ms. Ross, was not the victim of the burglary, but Petitioner did not want her to object. (Tr. 274, 280, 284, and 290). Counsel testified that she tried to give Petitioner advice but that "ultimately the decision was his, whether or not we would try to keep the restraining order out." (Tr. 286). Nevertheless, when asked what was the defense strategy to prove Ms. Ross as unreliable by allowing in the restraining order but not allowing

20

testimony from Ms. Ross about the reasons she obtained the restraining order, Counsel testified that it was her opinion that the restraining order could be used to discredit the ex-girlfriend because she continued to call and see Petitioner after obtaining the restraining order and "[t]hat was a big part of the case, that he was there to talk to her, he was not there with the intent to commit a crime." (Tr. 287). The ex-girlfriend testified at trial on direct examination that she did not try to see or talk to Petitioner or have any contact with him after obtaining the restraining order. (Tr. 73). However, she testified that Petitioner continued to support her financially. (Tr. 79-80). Also, Counsel called Reverend Benjamin, Petitioner's employer, to testify, and he stated that the ex-girlfriend continued to call and attempt to see Petitioner even up to a few days before the incident occurred. (Tr. 127-130). Counsel testified that having the restraining order come in did not bolster the State's case because Petitioner was "still her Sugar Daddy. She was still calling him, and they were still seeing each other." (Tr. 289). Counsel's stated that they were mainly trying to "get across" that Ms. Ross did not have any fear of Petitioner. (Tr. 289).

The PCR court found ". . . counsel's testimony credible, that she was concerned about the admission of the restraining order, but that you felt it was important to come into evidence. And that you believed it exonerated you by damaging one of the victims....I find that she was compliant with your instructions, and that her testimony

4:15-cv-01105-TLW     Date Filed 01/15/16     Entry Number 26     Page 22 of 24

is credible on the issue." (Tr. 293). The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, the PCR court found that trial counsel made a strategic decision[3] concluding that ". . . trial counsel discussed the risks and advantages of this strategy with Applicant prior to trial and made a strategic decision not to object to testimony about the restraining order in order to present testimony from Applicant's employer about his ex-girlfriend's repeated attempts to contact him after issuance of the order."( Tr. 305). The PCR court further held "[t]his court notes that, while Applicant intended to use the restraining order as both a shield and a sword against the two victims, instead the restraining order was used against him. This Court finds trial counsel advised him of this possibility." (Id.). A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220

---

[3] Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991).

F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Accordingly, the PCR court's findings was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2)

Even assuming *arguendo* that counsel erred in failing to object to the restraining order coming into evidence, the PCR court found that there was no prejudice stating "[r]egardless of the admission of the restraining order, overwhelming evidence of Applicant's guilt was presented at trial." (Tr. 305).  In support of this holding, the PCR court found that both the ex-girlfriend and the new boyfriend ("Victim") testified that Petitioner pushed his way into their residence and fought with the victim; Petitioner testified that he had a knife when he went to the residence; and, the police testified there was damage to the screen door of the residence and the knife was found on a bed inside the residence. (Tr. 305-306). The PCR court's finding that there was not prejudice under the <u>Strickland</u> standard due to overwhelming evidence of guilt did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and was neither

contrary to, nor an unreasonable application, of established federal law. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Three.

**Ground Four**

In Ground Four, Petitioner asserts that he is actually innocent of the crimes for which he was convicted. This claim fails to state a claim upon which federal habeas relief can be granted as Petitioner has not asserted an independent constitutional violation. Thus, it is recommended that Ground Four be dismissed.

**CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #16) be granted and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
January 15, 2016                    United States Magistrate Judge
Florence, South Carolina
**The parties' attention is directed to the important information on the attached notice**.